# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOE LEWIS SMITH,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **No. CIV 15-173-RAW-KEW** |
| | ) | |
| **KAMERON HARVANEK, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 2). Petitioner, a pro se inmate in custody of the Oklahoma Department of Corrections (DOC), currently is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma. He is challenging the administration of his sentence and asking for restoration of earned credits, based in part on a newspaper article he read that concerned a change in DOC policy. The article convinced Petitioner that his revoked earned credits should be restored, and he should be released from custody. The respondent has filed a motion to dismiss the petition for failure to exhaust state remedies (Dkt. 11).

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b), or there is an absence of State remedies.

*See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

The record shows that on March 10, 2003, Petitioner was rebilled to his current sentence to serve a 20-year sentence for Unlawful Possession of Controlled Drug AFCF, which he received in Tulsa County District Court Case No. CRF-99-2688 (Dkt. 11-2 at 1). At the end of May 2015, the month this habeas petition was filed, he had 2,157 days remaining to serve (Dkt. 11-2 at 8). He would have discharged earlier, except for his misconduct in prison (Dkt 11-2 at 1).

According to the respondent, effective November 1, 2013, DOC had an operations procedure governing "Sentence Administration," OP-060211, which included the restoration of earned credits (Dkt. 11-3). On March 10, 2014, DOC Director Robert Patton approved a "Request for Exception OP-060211, 'Sentence Administration' Restoration of Earned Credits" (Dkt. 11-4). In it, he granted authority to the Associate Director of Field Operations to expand the criteria and grant restoration of earned credits to inmates on a case-by-case basis (Dkt. 11-4).

On March 10, 2014, the Associate Director of Field Operations sent a memorandum to facility heads with a list of inmates receiving preliminary approval for the restoration of earned credits, along with instructions and a checklist to be completed by the facilities for each inmate (Dkt. 11-5). On March 13, 2014, a checklist was completed for Petitioner with the notation that he "has two or more active misconducts from Groups C2 and/or C3" (Dkt. 11-6). The facility head did not recommend Petitioner's release (Dkt. 11-6).

On March 20, 2014, another memorandum with instructions was sent from the Associate Director of Field Operations to all facility heads (Dkt. 11-7). Inmates were to be categorized into Group A, B, or C (Dkt. 11-7 at 1-2). Group C inmates were broken down further into Group C2, C3, or C4 (Dkt. 11-7). Group C3 and Group C4 inmates required a recommendation from the facility head and further approval (Dkt. 11-7 at 4).

Petitioner was placed into the C4 category because of his misconduct history (Dkt. 11-8). Nonetheless, on March 28, 2014, the warden recommended restoration of 3,084 lost earned credits and Petitioner's release (Dkt. 11-8). The recommendation, however, was subject to further approval (Dkt. 11-7 at 4).

On May 30, 2014, the Associate Director of Field Operations sent a memorandum to the Division of Field Support with a list of inmates who had been reviewed and denied restoration of earned credits, and Petitioner was on the list (Dkt. 11-9). Petitioner asserts he was denied on June 6, 2014 (Dkt. 2 at 1). Effective November 5, 2014, OP-060211 was reissued with the current procedures regarding restoration of credits (Dkt. 11-10).

The respondent alleges Petition has failed to exhaust his state remedies. The DOC has an operations procedure for its "Offender Grievance Process," OP-090-124 (Dkt 11-11). This procedure provides offenders a method to seek formal administrative decisions or answers to issues or complaints, including "conditions of confinement, actions of staff, and incidents occurring within or under the authority and control of DOC that have personally affected the offender making the complaint and for which a remedy may be allowed by the agency or by law" (Dkt. 11-11 at 3). Grievances not submitted within established time periods are ruled untimely (Dkt. 11-11 at 4).

The grievance procedure begins the inmate submitting a written Request to Staff

(RTS) to the appropriate staff member and receiving a written response (Dkt. 11-11 at 6). A Request to Staff must be submitted within seven calendar days of the incident (Dkt. 11-11 at 7). Petitioner submitted a RTS on February 12, 2015, seeking retroactive application of "The Oklahoma Penal System Overcrowding Emergency Powers Act" (Dkt. 11-12). The RTS asked for emergency time credits but made no mention of Petitioner's revoked earned credits (Dkt. 11-12). On February 13, 2015, a response was provided, explaining that the credits Petitioner sought required approval by the Governor (Dkt. 11-12 at 1).

If the issue is not resolved informally through the RTS, the second step of the process is for the inmate to submit his issue to the warden within 15 days on an Offender Grievance Form, along with the RTS (Dkt. 11-8 to 11). On February 25, 2015, an Offender Grievance Report Form was received with the RTS from Petitioner, claiming he is "eligible for discharge upon restoration of loss [sic] earned credits and/or due to overcrowding Emergency Powers Act" (Dkt. 11-13). He claimed he was "denied without comment on June 6, 2014 (Dkt. 11-13). The warden's response, dated February 26, 2015, returned the grievance unanswered, because the "time frame expired" (Dkt. 11-14). During the relevant time, the February 25, 2015, grievance is the only grievance Petitioner filed (Dkt. 11-15).

The final step of the grievance process is an appeal of the grievance decision to the Administrative Review Authority, but Petitioner did not file an appeal (Dkt. 11-16). Furthermore, he does not allege in his petition that he has attempted to resolve this issue in the Oklahoma state courts, and the respondent has no knowledge of any such attempts (Dkt. 11-17).

Here, the court finds Petitioner has not exhausted the state administrative and judicial remedies for his claim. His Request to Staff did not include the subject of revoked credits,

and it should have been submitted within seven days of June 6, 2014 (Dkt. 11-11 at 7). Petitioner has failed to show he complied with this procedure.

Petitioner's February 12, 2015, administrative grievance included the subject of revoked earned credits with his complaint of the June 6, 2014, denial. This grievance raised the issue for the first time, but it was 244 days late, even if it had been submitted correctly on a RTS. In addition, after receiving the warden's response, Petitioner did not attempt to seek a remedy from the DOC Administrative Review Authority. Therefore, he has failed to exhaust his administrative remedies. Furthermore, Petitioner has not shown he has attempted to seek relief through a writ of habeas corpus from any state court pursuant to Okla. Stat. tit. 12, § 1331, or by any other method. Therefore, this action must be dismissed.

The court further concludes Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c).

**ACCORDINGLY,** the respondent's motion to dismiss the petition for failure to exhaust state court remedies (Dkt. 11) is GRANTED. Petitioner's motion for granting of writ (Dkt. 15) and his motion to grant relief (Dkt. 16) are DENIED as moot. This action is, in all respects, DISMISSED WITHOUT PREJUDICE, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 15th day of March 2016.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

5